BRUCE M. LANDON
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907)271-5452
Facsimile: (907)271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| STATE OF ALASKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:05-cv-0073 (RRB) |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

JOINT MOTION FOR APPROVAL OF SETTLEMENT, CONFIRMATION OF
DISCLAIMER, AND ENTRY OF CONSENT DECREE AND FINAL JUDGMENT

The State of Alaska, the United States, and Doyon, Limited, collectively "the Parties,"
jointly move for an order approving the settlement agreement of the parties, confirming the
disclaimer of the United States, and entering the consent decree and proposed final judgment
attached hereto.

BACKGROUND

This is an action under the Quiet Title Act, 28 U.S.C. § 2409a.  Plaintiff State of Alaska asserts that it owns a highway right-of-way for the Coldfoot to Caro and Coldfoot to Chandalar Lake trails.  Much of the land traversed by the claimed trails has been conveyed to the State of Alaska pursuant to the Alaska Statehood Act, note prec. 48 U.S.C. § 21.  A portion of the land traversed is owned by the United States and is administered by the Bureau of Land Management (BLM).  Some of the BLM-administered land has been selected by Doyon, Limited pursuant to the Alaska Native Claims Settlement Act (ANCSA), 43 U.S.C. § 1601 *et seq.*

I.  STANDARDS FOR EVALUATING SETTLEMENT AGREEMENTS

Courts review a settlement agreement for a determination of whether it is fundamentally fair, reasonable and adequate.  *United States v. Oregon*, 915 F.2d 576, 580 (9th Cir. 1990), cert. denied, 501 U.S. 1250 (1991); *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981); *E.E.O.C. v. Hiram Walker and Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985), *cert. denied*, 478 U.S. 1004 (1986).  In addition, the agreement or decree must conform to applicable law.  *United States v. Oregon*, 913 F.2d at 580.

The court's discretion in determining whether to approve or reject a settlement agreement is broad.  *E.E.O.C. v. Hiram Walker*, 768 F.2d at 889.  The acceptance of such an agreement by a district court is reviewed for abuse of discretion.  *United States v. Oregon*, 913 F.2d at 580.

While the courts review settlement agreements carefully, they do not need to try all the issues before they can approve a settlement.  Once the court is satisfied that the settlement was the product of good faith, arms-length negotiations, a negotiated decree is presumptively valid and an objecting party has a heavy burden of demonstrating that the settlement is unreasonable.

*United States v. Oregon*, 913 F.2d at 581; *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983).

The reviewing court should not determine contested issues of fact that underlie the dispute. *United States v. Oregon*, 913 F.2d at 582. Rather, the court should consider the nature of the litigation, the consistency of the settlement with the objectives of the statutes sought to be enforced in the litigation, and its impacts on non-signatory parties. *City of Miami*, 664 F.2d at 441. These factors must be weighed in light of the general policy favoring settlements. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

## II. THE COURT SHOULD APPROVE THE SETTLEMENT, CONFIRM THE DISCLAIMER, AND ENTER THE CONSENT DECREE AND FINAL JUDGMENT IN THIS CASE

The settlement and consent decree are between the State and the United States and Doyon, Limited. They place no obligations on third parties.

The agreement generally distinguishes between the route as it traverses land federally-owned and State-owned land. Inside the federally-owned land and a portion of the state-owned land, the consent decree would quiet in the State a permanent 60 foot-wide highway right-of-way, in full satisfaction of the State's claim within the federally-owned lands. Consent Decree ¶¶ 2 and 3. The right-of-way quieted in the State would be in lieu of the proposed ANCSA § 17(b), 43 U.S.C. § 1616(b) easement EIN 1 C5, D1, D9, proposed for inclusion in future conveyances to Doyon Limited. Consent Decree ¶ 4. The easement quieted in the State shall be treated as if it were a right-of-way established pursuant to R.S. 2477 (43 U.S.C. § 932, repealed with savings clause) for purposes of determining the scope of property rights, permissible uses and extent of any federal regulatory authority. Consent Decree ¶ 5. Paragraph 2 describes the easement with reference to markings on aerial photos filed as exhibits. Paragraphs 6 and 7

provide for a survey of the right-of-way and divergence of the surveyed right-of-way from the Exhibits under certain conditions.  The Court would retain jurisdiction for the limited purpose of resolving any such disputes regarding the survey.

Much of the land traversed by the two trails claimed by the State of Alaska has already been conveyed to the State pursuant to the Alaska Statehood Act, note prec. 48 U.S.C. § 21. Accordingly, the United States has filed a disclaimer pursuant to 28 U.S.C. § 2409a(e) of any interest adverse to the State's R.S. 2477 claim east of the line dividing state and federally-owned land.  The disclaimer is conditioned on court approval of the settlement agreement and entry of the consent decree and proposed final judgment.  Paragraph 13 of the consent decree would confirm that disclaimer.

The cases that have dealt with disclaimers have treated the confirmation of a disclaimer as largely ministerial, and indicated that the courts will confirm a disclaimer made in good faith. *Leisnoi v. United States*, 313 F.3d 1181, 1184 & n.5 (9th Cir. 2002) ("Once the United States filed its disclaimer of the land claimed by Leisnoi, the plain terms of §2409a(e) deprived the district court of jurisdiction ); *Lee v. United States*, 809 F.2d 1406, 1409-1410 (9th Cir. 1987); *W. H. Pugh Coal Company v. United States*, 418 F.Supp. 538, 539 (E.D. Wis. 1976) ("Under these circumstances, the confirmation of the disclaimer of the United States is deemed a formality and one which this court should not deny. *** I am not persuaded that there has been bad faith on the part of counsel for either the United States or the state of Wisconsin...."); *Madan v. United States*, 850 F.Supp. 148, 151 (N.D.N. Y. 1994)  ("Since the government has already filed with the Broome County Clerk's Office a certificate confirming that the United States has no interest in the subject property, the confirmation of the disclaimer of the United States is

deemed a formality...."); see also, *Baker v. FCH Services, Inc.*, 376 F.Supp. 1365, 1368 (S.D. N.Y. 1974) (dismissing action where United States failed to claim an interest in the property and affirmatively stated that it would oppose reconveyance of the property to the United States); *Bily v. Illinois Central Gulf Railroad Co.*, 637 F.Supp. 127 (N.D. Ill. 1986) (confirming United States' disclaimer without adjudicating title).

Here, the decision of the United States to disclaim is not based on bad faith, but on the fact that the United States has already conveyed the disclaimed land to the State pursuant to the Statehood Act. Accordingly, the Court should confirm the disclaimer.

The State has previously obtained default judgments or entered settlement agreements against all the defendants other than the United States and Doyon, Limited.

The parties are submitting with this motion both a proposed consent decree and a proposed final judgment. The final judgment is based on (and follows almost verbatim) the language of the consent decree.

The settlement easily satisfies the standards for approval of settlement agreements. The settlement does not impose any obligations on third parties. It is fundamentally fair in that it is the product of arms-length negotiations between the parties.

The settlement violates no constitutional provision, statute or jurisprudence. The action involves a disputed claim of title. The State's Office of the Attorney General and the federal Department of Justice are authorized to settle litigation relating to such disputes.

## CONCLUSION

For the foregoing reasons, the court should approve the settlement, confirm the disclaimer and enter the consent decree and final judgment.

RESPECTFULLY SUBMITTED, this 8th day of January, 2007, at Anchorage.


 S/ Bruce M. Landon
BRUCE M. LANDON
DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907)271-5452
Facsimile: (907)271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants


 S/ Elizabeth J. Barry
ELIZABETH J. BARRY
Assistant Attorney General
1031 4th Avenue, Suite 200
Anchorage, Alaska 99501
Telephone: (907) 269-5100
Facsimile: (907) 279-2834
Email: Elizabeth_Barry@law.state.ak.us

Attorney for Plaintiff


 S/ James E. Torgerson
JAMES E. TORGERSON
Heller Ehrman LLP
510 L Street, Suite 500
Anchorage, Alaska 99501
Telephone: (907) 277-1900
Facsimile: (907) 277-1920
Email: jim.torgerson@hellerehrman.com

Attorney for Defendant Doyon, Limited

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of January, 2007 a copy of the foregoing Joint Motion for Approval of Settlement, Confirmation of Disclaimer, and Entry of Consent Decree and Final Judgment were served electronically to the following:

Elizabeth Barry
Colleen Moore
James Torgerson


s/  Bruce M. Landon
Bruce M. Landon