BRUCE M. LANDON
Department of Justice
Environment & Natural Resources Division
801 B Street, Suite 504
Anchorage, Alaska 99501-3657
Telephone: (907) 271-5452
Facsimile: (907) 271-5827
Email: bruce.landon@usdoj.gov

Attorney for Federal Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,            ) <br> ) <br> Plaintiff,       ) <br> ) <br> v.                         ) <br> ) <br> UNITED STATES OF AMERICA, *et al.*   ) <br> ) <br> Defendants.     ) <br> _____) | Case No. 3:05-cv-0073 (RRB) |

FINAL JUDGMENT (proposed)

The remaining Parties in this action, having settled this action and consented to this judgment, it is hereby ordered and adjudged:

1. Judgment is hereby entered quieting in the State of Alaska a permanent highway right-of-way (easement) described as follows:

A public right-of-way 60 feet wide, 30 feet either side of the centerline for a highway, along the common route of the Coldfoot to Caro Trail (RST 262) and Coldfoot to Chandalar Lake Trail (RST 9) from Coldfoot to the line dividing Ranges 6 and 7 W of Township 29 N, Fairbanks Meridian, as generally shown on the photographs attached hereto as Exhibit 1 (consisting of 11 sheets).

2. The public highway right-of-way quieted in the State of Alaska in paragraph 1 of this final judgment is in complete and full satisfaction of the State of Alaska's claim that a right-of-way exists for the Coldfoot to Chandalar Lake (RST 9) and Coldfoot to Caro (RST 262) trails between Coldfoot and the line dividing Ranges 6 and 7 W of Township 29 N, Fairbanks Meridian.

3. The public highway right-of-way quieted in the State of Alaska in paragraph 1 of this final judgment shall be in lieu of proposed easement EIN 1 C5, D1, D9 recommended (in "Final Easements for Doyon, Limited for Deficiency lands in the Wiseman and Allakaket Areas" dated March 27, 1984) for inclusion, pursuant to 43 U.S.C. § 1616(b), in any conveyance to Doyon Limited of land in Township 29 N, Ranges 7-9 W, Fairbanks Meridian.

4. Except with regard to the question of the width, the public highway right-of-way quieted in the State of Alaska by paragraph 1 of this final judgment shall be treated as if it were a right-of-way established pursuant to R.S. 2477 (43 U.S.C. § 932, repealed with savings clause) for purposes of determining the scope of property rights, permissible uses and extent of any federal regulatory authority.

5. The parties' intent in entering into a settlement and consenting to this final judgment is that the right-of-way described in paragraph 1 and quieted in the State of Alaska be along the centerline of the currently existing main trail from Coldfoot to the line dividing Ranges 6 and 7 W of Township 29 N, Fairbanks Meridian, except as otherwise provided in paragraph 6. The parties have marked on Exhibit 1 where they believe the general location of the existing trail is. The parties acknowledge that upon conducting an "on the ground" GPS survey, as described herein, the exact location of the right-of-way may vary

slightly from the marked exhibit.  The State of Alaska shall, prior to October 1, 2008, survey the centerline of the existing trail using survey-grade Global Positioning System (GPS) equipment, providing an accuracy not to exceed 1 meter between the physical point on the ground and the collected geodetic position.  The survey instructions shall provide for the GPS survey of the centerline of the existing trail shown on Exhibit 1 from Coldfoot to the line dividing Ranges 6 and 7 of Township 29 N, Fairbanks Meridian, except as otherwise provided in paragraph 6.  The GPS survey shall be conducted using surface transport.  A designated representative of the Bureau of Land Management shall be present for the survey.  GPS points shall be gathered from any point requested by either the State of Alaska or the representative of the Bureau of Land Management and shall include at least sufficient points so that the line of sight between one selected data point and the next selected data point does not leave the presently used portion of the trail that is physically evident on the ground, except as otherwise provided in paragraph 6. The selected data points shall be tied to an official Bureau of Land Management monumented corner point in the immediate vicinity of Coldfoot. The State shall place trail markers or monuments along the surveyed right-of-way in accordance with the standards in 11 AAC 51.075(a).  The State shall present its GPS survey to the United States on or before December 1, 2008. The GPS survey data shall consist of a BLM compatible digital file of the geodetic positions in latitude and longitude with the datum specified, along with a complete description of the corner(s) tied to. The United States shall have one year from the date on which the State presents its survey to the United States in which to dispute the State's survey.  If the United States does not dispute the

State's survey, the survey description will control over the right-of-way location shown on Exhibit 1.  If the United States disputes the State's survey, the Court retains jurisdiction to resolve any disagreements relating to whether the survey accurately depicts the existing trail, or whether a divergence from the centerline of the existing trail is appropriate under paragraph 6.  The parties may modify the provisions of this paragraph by mutual consent, without the need to seek an amendment of this final judgment.

6. If, at the time the State conducts the GPS survey, it appears that any portion of the existing trail marked on Exhibit 1 is unsuitable for a highway right-of-way and that another existing trail appears to be "the main trail," the State may place the right-of-way on the alternate trail, even though it is a significant divergence from the trail marked on Exhibit 1 if, during the survey, the designated representative of the Bureau of Land Management so agrees.  Additionally, in surveying the right-of-way, the State may survey as the centerline a line which does not correspond to the centerline of the existing trail, subject to the following limitations:

    a. the surveyed centerline of the right-of-way shall diverge from the centerline of the existing trail only in areas where, because of topography, a right-of-way measured from the centerline of the existing trail would include land unsuitable for use as a road surface or road maintenance area, and

    b. in any case where the surveyed centerline of the right-of-way diverges from the  centerline of the existing trail, the surveyed centerline of the right-of-way must be so

located that the right-of-way as measured from that centerline includes all land disturbed by the existing trail.

7.  All parties shall bear their own costs and attorney fees.

8.  This final judgment shall not be interpreted to require the expenditure by the United States of funds not appropriated by Congress.

9.  This final judgment shall not be evidence of any agreement by any party to any allegations raised by any other party in this case, or a waiver by, or an admission against any party.

10.  This final judgment does not constitute an admission of liability and will not prejudice or otherwise affect the rights of any of the parties with respect to any other litigation or factual situation except as expressly provided herein.

11.  This final judgment shall be binding on the parties, their officers, agents, successors and assigns and those in privity therewith.

12.  The attached disclaimer of the United States relating to that portion of the Coldfoot to Caro trail or the Coldfoot to Chandalar Lake trail east of the line dividing Ranges 6 and 7 W of Township 29 N, Fairbanks Meridian, is confirmed.


Dated: _____

RALPH R. BEISTLINE

U.S. District Judge